# CLIFFORD B. SAWYER v. NATIONAL SURETY COMPANY.[1]

July 29, 1910.

Nos. 16,588—(225).

**Complaint insufficient.**

>    The complaint does not state facts sufficient to constitute a cause of action.

Action in the district court for Cass county to recover $1,995.

The complaint, among other averments, alleged that defendant issued to the Portland Railway, Light & Power Company its bond as surety for plaintiff; that about September 1, 1907, plaintiff received notice that defendant had paid over to that company an alleged shortage in plaintiff's accounts amounting to $105.03; "plaintiff avers that it was the agreement and understanding with defendant that defendant should exercise good faith toward plaintiff in the matter of the adjustment of any alleged shortage or default claimed by said last mentioned employer and alleged to be due to the default or misdoings of the plaintiff. And the plaintiff avers that the defendant did not then and there exercise good faith toward the plaintiff in the premises, with respect to the treatment and adjustment of said alleged claim and demand by the Portland Railway, Light & Power Company upon the defendant for the payment of said alleged shortage and default in that defendant in no wise notified plaintiff of said demand upon it by said Portland Railway, Light & Power Company for the payment of said alleged shortage, neither did it consult plaintiff in regard to the same nor obtain from him or anyone in his behalf his statement or version of the facts and circumstances surrounding the alleged shortage or default so as aforesaid claimed by the said Portland Railway, Light & Power

[1]Reported in 127 N. W. 435.

Company, as it was its duty and obligation in the premises, but on the other hand defendant entirely, wilfully and wrongfully ignored plaintiff in the matter;" that subsequently plaintiff was employed by a certain other railway company and made application to the American Surety Company for an indemnity bond and was by that surety company informed it would not issue such bond by reason of the fact that plaintiff had been reported by defendant to have been in default and that company reported shortage had occurred in plaintiff's accounts attributable to plaintiff's wrongful acts, which shortage plaintiff had not accounted for; that plaintiff applied to the United States Guaranty Company for a surety bond and was thereafter informed by that company that it would not issue such bond by reason of the reports made as mentioned by defendant concerning plaintiff's connection with the Portland company; that plaintiff left the employment of the second railway company because of inability to obtain a surety bond in said bonding companies on account of the reports herein mentioned relative to plaintiff's standing and reliability, and secured a position with still another railway company at greatly reduced monthly wages "occasioned by the acts and conduct of defendant as herein mentioned;" that during said employment he made repeated attempts to obtain a surety bond for that employer but was unable to do so by reason of the report as aforesaid made by defendant concerning plaintiff. "Plaintiff avers that by reason of all the facts and circumstances herein mentioned on the part of the defendant he has been, and now is, unable to obtain from any bonding or surety company a bond in his behalf and as surety for his employer and for the purposes hereinbefore enumerated;" that no shortage or default ever occurred in his accounts or in his department while in the employ of the Portland company for which he was in any wise responsible or which called for an adjustment by defendant, all of which was then well known by defendant or by the exercise of due care and good faith should have been known to him; that plaintiff alleges that defendant has wrongfully and wilfully caused the report to be made and registered with its company that plaintiff was and is guilty of a wrongful act while in the employ of the Portland Railway, Light & Power Company, to

wit, the act of wrongfully taking and appropriating certain funds of that company while in its employ, and defendant has wrongfully and wilfully caused plaintiff's name to be placed on a certain list usually known and designated by surety companies as a "declined list" and has placed in its files said report for its own use and the use of other parties; "and the plaintiff avers that the said declined list is what is commonly and usually known and styled by business men and the public as the 'blacklist,' and is commonly and generally accepted by business men, individuals and the public as conclusive evidence of moral turpitude, dishonesty and untrustworthiness of the individual so as aforesaid placed on said list, and as such subject said persons so recorded and placed on said lists to be held and regarded by business men, individuals and the public in a highly disrespectful and greatly disparaged standing and credit with regard to business affairs and business transactions, and as such tends to establish and hold such persons out to the public in general as unqualified for positions of trust and unworthy of the confidence of their employers, and to cause said persons so as aforesaid placed on said lists to be looked upon with suspicion, belittled and shunned by business men, friends and the public; "that by reason of the facts mentioned plaintiff had been greatly injured in his good name, fame, credit and reputation, had been subjected to great humiliation and degradation thereby, and by reason of said acts and the consequences incident thereto, has been greatly injured in his health and has suffered great bodily and mental pain thereby."

From an order, McClenahan, J., sustaining defendant's demurrer to the complaint, plaintiff appealed.   Affirmed.

*Lewis Severance* and *T. P. Wormward,* for appellant.

*How, Butler & Mitchell,* for respondent.


LEWIS, J.

The trial court sustained a demurrer to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. Making due allowance for conclusions, inferences, and indefinite statements, the nearest approach to the statement of a cause of action in this complaint is that respondent wrongfully and ma-

liciously caused appellant's name to be placed upon its "declined list," by reason of which appellant suffered in his good name, character, and reputation, was subjected to humiliation, injured in health, and caused to suffer mental anguish, by reason of all of which he suffered damages in the sum of $1,995. But it is not stated that the fact of such listing, even though false, ever reached the public.

The action is not for conspiracy, for none is alleged between respondent company and other companies of a similar character, for the purpose of preventing appellant from securing employment or surety bonds. It is not an action for the recovery of damages by reason of preventing appellant from securing employment elsewhere, although there are statements in the complaint that respondent placed appellant's name upon a declined list in its files, for its own use and the use of other parties. The complaint also states that appellant made application to two other surety companies for surety bonds, and that they refused to issue the bonds for the reason that respondent company had reported appellant as being short in his accounts with his former employer, the Portland Light & Power Company; but it is not asserted that respondent company informed the other surety companies that it had placed appellant's name upon its declined list.

Affirmed.